FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAYNE RICHARD SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>POYNOR and ABERCROMBIE,<br><br>        Defendants. | No.   4:22-cv-05065-MKD<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**ECF No. 53** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 52. The Court has reviewed the record and is fully informed. For the reasons discussed herein, the Court grants Defendants' Motion for Summary Judgment.

## BACKGROUND

**A. Procedural History**

Plaintiff filed a *pro se* Complaint on May 26, 2022, ECF No. 1, and a First Amended Complaint on September 22, 2022. ECF No. 7. Plaintiff alleges that Defendants Poynor and Abercrombie, Corrections Officers at the Coyote Ridge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 1

1  Corrections Center, engaged in retaliation in violation of the First Amendment.
2  *Id.* at 4-5, 10-11. He also asserts that on February 24, 2022, Defendant Poynor
3  touched Plaintiff inappropriately and made sexually motivated comments in
4  violation of the Eighth Amendment. *Id*. at 6-7.
5    The Court previously denied Plaintiff's Motion to Appoint Counsel, ECF
6  No. 15, Motion to Reconsider the Appointment of Counsel, ECF No. 33, motions
7  to compel, ECF Nos. 34, 37, 45, and motions for sanctions, ECF Nos. 36, 37, 41.
8  ECF Nos. 25, 51. Before the Court is Defendants' Motion for Summary
9  Judgment. ECF No. 52. Plaintiff was provided notice of the summary judgment
10 rule requirements. ECF No. 57. Plaintiff did not file any responsive documents in
11 opposition to the Motion for Summary Judgment.
12   **B. Undisputed Facts**
13   Defendants filed a statement of material facts not in dispute, pursuant to
14 Local Rule 56(c)(1)(A). ECF No. 55. Plaintiff did not file a Statement of
15 Disputed Material Facts, as required by Local Rule 56(c)(1)(B). The Court may
16 consider a fact undisputed and admitted unless controverted by the procedures set
17 forth in Local Rule 56(c). LCivR 56(e). Defendants' statement of facts is deemed
18 undisputed and admitted.
19   Plaintiff was an inmate at Coyote Ridge Corrections Center (CRCC) on
20 February 24, 2022, when he was placed in the medical dry cell due to suspicion he

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 2

had ingested contraband. ECF No. 55 at 1. At approximately 1:30 P.M., Plaintiff provided a sample for a urinalysis, which was negative for all substances, though a faint line was noted for Suboxone. *Id.* at 1-2. There was a security camera outside of the dry cell that captured the time period during which Plaintiff was inside of the cell. *Id.* at 2.

On March 12, 2022, Plaintiff made a Prison Rape Elimination Act (PREA) complaint by phone, alleging Defendant Poynor made Plaintiff face him while urinating. *Id.* Plaintiff repeated the allegation during an interview regarding the complaint. *Id.* On March 13, 2022, Plaintiff filed a written PREA complaint containing the same allegations and added that Defendants insulted him and made comments about his genitals during the interactions. *Id.* at 2-3. During the next interview, Plaintiff alleged Defendants offered to make the "dirty" urinalysis go away if Plaintiff did not file a report about the comments they made about Plaintiff's genitals. *Id.* at 3. Plaintiff was interviewed again on March 23, 2022 and reiterated his complaints. *Id.* Defendants denied the allegations. *Id.*

On May 19, 2022, Plaintiff was informed the PREA complaint was unfounded. *Id.* at 4. On May 20, 2022, Plaintiff alleged for the first time that Defendant Poynor touched his back while unzipping him and made sexually inappropriate comments about his body and wanting to "get to know it better." *Id.*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 3

at 3-4.  A new investigation was not opened to investigate the new allegation.  *Id.* at 4-5.

## LEGAL STANDARD

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019).  "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor."  *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' [that] demonstrate the absence of a genuine dispute of material fact."  *Celotex*, 477 U.S. at 323 (quoting former Fed. R. Civ. P. 56(c)).  Once the moving party has satisfied its burden, to survive summary judgment, the non-moving party must demonstrate by affidavits, depositions, answers to

interrogatories, or admission on file "specific facts showing that there is a genuine [dispute of material fact] for trial." *Id.* at 324.

The Court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Anderson*, 477 U.S. at 255. "Summary judgment is improper 'where divergent ultimate inferences may reasonably be drawn from the undisputed facts.'" *Fresno Motors*, 771 F.3d at 1125 (quoting *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006)).

A *pro se* litigant's contentions offered in motions and pleadings are properly considered evidence "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [a litigant] attest[s] under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (allegations in a *pro se* plaintiff's verified pleadings must be considered as evidence in opposition to summary judgment). Conversely, unverified pleadings are not treated as evidence. *Contra Johnson v. Meltzer*, 134 F.3d 1393, 1399-400 (9th Cir. 1998) (verified motion swearing that statements are "true and correct"

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 5

functions as an affidavit); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (pleading counts as "verified" if drafter states under penalty of perjury that the contents are true and correct). Although *pro se* pleadings are held to less stringent standards than those prepared by attorneys, *pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## DISCUSSION

### A. First Amendment

Plaintiff contends Defendants violated his First Amendment rights by retaliating against him, after Plaintiff told Defendant Poynor he wanted to file a grievance related to Defendants' behavior. ECF No. 7 at 4-5.

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). If there is no constitutional

violation, the inquiry ends, and the individual is entitled to qualified immunity. *Ioane v. Hodges*, 939 F.3d 945, 950 (9th Cir. 2018).

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison*, 668 F.3d at 1114-15; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Defendants have the burden of showing there is no genuine issue of material fact as to the First Amendment claim. *See Celotex*, 477 U.S. at 323. While the Court must view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in Plaintiff's flavor, the Court need not accept Plaintiff's contentions that are so clearly contradicted by the record that no reasonable jury could believe them. *See Rookaird*, 908 F.3d at 459; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007); *Orn v. City of Tacoma*, 949 F.3d 1167, 1171 (9th Cir. 2020).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 7

Plaintiff contends Defendant Abercrombie and another officer administrated a urinalysis on February 23, 2022. ECF No. 7 at 4. Plaintiff alleges he was told the test was positive for Suboxone. *Id.* at 5. On the same day, Plaintiff contends Defendant Poynor required Plaintiff to face him and Defendant Abercrombie while Plaintiff was urinating, during which time they made "comments of a sexual nature." *Id.* Plaintiff contends he told Defendant Poynor he wanted to file a PREA complaint via an emergency grievance, to which Defendant Poynor responded that if Plaintiff did not file a complaint, Defendants might forget the "dirty" urinalysis. *Id.* at 5, 10. Plaintiff further contends Defendant Poynor said, "[d]on't make this harder on yourself. I can make this a lot worse" and Defendant Abercrombie came later that day with the urinalysis cup, asked if they had a deal, and emptied the cup when Plaintiff agreed. *Id.* at 10. Plaintiff contends Defendant Abercrombie ripped up the urinalysis paperwork, and "threatened [Plaintiff] again saying 'Don't fuck with me.'" *Id.* Plaintiff states he filed a grievance on March 12, 2022, and he received a response on May 23, 2022 that the claims were unfounded. *Id.* at 10-11.

Defendant contends Plaintiff's allegations are clearly contradicted by the record. ECF No. 52 at 15. First, while Plaintiff contends Officer Abercrombie administered a urinalysis that came back positive for Suboxone, ECF No. 7 at 4-5, the only urinalysis administered on the day at issue was taken by Officers Castillo

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 8

and Lane, ECF No. 52 at 15; ECF No. 54 at-1 at 7-8, 15; ECF No. 55 at 1 (citing ECF No. 53, Exhibit F).  The urinalysis was negative for all substances, including Suboxone.  ECF No. 55 at 2; ECF No. 54-1 at 15.  Plaintiff contends the positive urinalysis was used to threaten him, ECF No. 7 at 10, however the record clearly contradicts Plaintiff's claims that Defendant Abercrombie administered a urinalysis and that the test was positive.

Next, Plaintiff contends he was required to face Defendants to urinate.  ECF No. 7 at 5.  However, the video evidence demonstrates he was never facing Defendants while urinating.  ECF No. 52 at 16; ECF No. 53, Exhibit F.  There are four incidences during the video recording that appear to document Plaintiff urinating with his back turned to the officers; he did not move toward the officers during any of the incidents, which contradicts his allegations he was required to turn toward them while urinating.  ECF No. 53, Exhibit F (04:03; 10:29; 5:18:10; 7:06:00).  Plaintiff also contends Defendant Abercrombie ripped up the urinalysis report in front of the dry cell.  ECF No. 7 at 10.  There is no video documentation of Defendant Abercrombie ripping anything up.  ECF No. 52 at 16; ECF No. 53, Exhibit F.  Thus, there is evidence contradicting Plaintiff's allegations of Defendants taking an adverse action against him because of his desire to file a PREA claim, and his allegation it chilled his exercise of his First Amendment rights.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 9

Defendants have met the burden in showing there is no genuine issue of material fact as to the First Amendment claim. Plaintiff has not presented evidence demonstrating specific facts showing that there is a genuine dispute of material fact. Even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the record clearly contradicts Plaintiff's allegations and Defendants are entitled to summary judgment on the First Amendment claim.

**B. Eighth Amendment**

Plaintiff contends Defendant Poynor inappropriately touched him on one occasion, and Defendants Poynor and Abercrombie made inappropriate sexual comments to Plaintiff on multiple occasions. ECF No. 7 at 6-7.

The Eighth Amendment prohibits cruel and unusual punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood*, 692 F.3d at 1046 (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating a prisoner's claim, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 10

1 was objectively "harmful enough" to establish a constitutional violation. *Wood*,
2 692 F.3d at 1046 (quoting *Hudson*, 503 U.S. at 8).

3      Where there is no legitimate penological purpose for a prison official's
4 conduct, courts presume malicious and sadistic intent. *Wood*, 692 F.3d. at 1050.
5 Sexual contact between a prisoner and a prison guard serves no legitimate role and
6 "is simply not 'part of the penalty that criminal offenders pay for their offenses
7 against society.'" *Id*. (quoting *Farmer*, 511 U.S. at 834). In sexual contact cases,
8 there is no lasting physical injury requirement because the only requirement is that
9 the officer's actions be offensive to human dignity. *Schwenk*, 204 F.3d at 1196.
10 A "prisoner presents a viable Eighth Amendment claim where he or she proves
11 that a prison staff member, acting under color of law and without legitimate
12 penological justification, touched the prisoner in a sexual manner or otherwise
13 engaged in sexual conduct for the staff member's own sexual gratification, or for
14 the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v.*
15 *Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

16      However, the Eighth Amendment's protections do not generally extend to
17 mere verbal sexual harassment. *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir.
18 2004). While the Ninth Circuit has recognized that sexual harassment may
19 constitute a cognizable claim for an Eighth Amendment violation, the Court has
20 specifically differentiated between sexual harassment that involves verbal abuse

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 11

and that which involves allegations of physical assault, finding the latter to violate the Constitution. *Compare Blacher v. Johnson*, 517 Fed. App'x. 564 (9th Cir. 2013) (sexual harassment claim based on verbal harassment insufficient to state a claim under section 1983); *with Hill v. Rowley*, 658 Fed. App'x. 840, 841 (9th Cir. 2016) (finding allegations of deliberate, unwanted touching—"gripping" Plaintiff's buttocks—sufficient to state a claim for sexual harassment that violates the Eighth Amendment).

As discussed in the August 8, 2022 Order, Plaintiff's allegations that Defendants made sexually motivated comments do not state a plausible Eighth Amendment claim, and only the claim that Defendant Poynor inappropriately touched Plaintiff while making inappropriate sexual comments stated a plausible claim. ECF No. 6 at 12. Plaintiff's First Amended Complaint again only alleged one occasion during which Defendant Poynor inappropriately touched him and made inappropriate comments. ECF No. 7 at 6; ECF No. 8 at 1-2. As such, only the February 24, 2022 incident during which Plaintiff contends Defendant Poynor touched his back while unzipping his dry suit and made comments about is body is at issue. The remaining allegations of inappropriate comments fail to state an Eighth Amendment claim.

First, Defendant contends Plaintiff failed to exhaust his Eighth Amendment claim under the Prison Litigation Reform Act (PLRA). ECF No. 52 at 10-11.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 12

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available, are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Exhaustion is a mandatory prerequisite to filing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Ross v. Blake,* 578 U.S. 632, 638 (2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with applicable procedural rules'" defined by the specific prison grievance process in question. *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). To have properly exhausted administrative remedies, the prisoner also must have provided enough information to allow prison officials to take appropriate remediating measures. *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (citing *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004).

In the Ninth Circuit, a motion for summary judgment is generally appropriate for raising the plaintiff's failure to properly exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014). The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. *Id*. at 1172. The burden then shifts to the prisoner to produce evidence showing "that there is something in his particular case that

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 13

made the existing and generally available administrative remedies effectively unavailable to him." *Id.*  Unavailable remedies include remedies that operate as simple dead ends, are impossible to use, or thwart attempts to use the process through machination, misrepresentation, or intimidation.  *Ross*, 136 S. Ct. at 1859-60 (2016); *Fuqua v. Ryan*, 890 F.3d 838, 850 (9th Cir. 2018).

      Defendants contend Plaintiff failed to properly exhaust administrative remedies because he failed to report the allegation of Defendant Poynor inappropriately touching him in his PREA complaint, PREA interviews, and mental health appointment related to the investigation.  ECF No. 52 at 12.  Plaintiff explicitly stated during the investigation that no sexual abuse took place, "just the inappropriate comments." *Id.*; ECF No. 54-1 at 17.  Plaintiff later stated he "did not divulge all the information because of not feeling safe and fears retaliation with CRCC" and after the investigation was over, he alleged for the first time that Defendant Poynor had inappropriately touched his lower back at the top of his buttocks.  *Id.* at 34, 37-38.  After Plaintiff sent the later indicating there was physical harassment, a new investigation was not opened.  ECF No. 55 at 4-5.

      There is no evidence Plaintiff properly exhausted the available administrative remedies; he sent the later May 20, 2022 alleging for the first time that there was physical harassment.  *Id.*  Plaintiff then filed the instant lawsuit on May 26, 2022.  ECF No. 1.  Plaintiff did not provide enough information for

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 14

appropriate remediating measures to be taken in his original complaint; as discussed *infra*, there is a significant difference between verbal harassment and physical assault. While Plaintiff stated he did not feel safe reporting the physical harassment, he does not allege the administrative remedy was effectively unavailable to him. He also does not offer an explanation as to why he did not pursue the administrative remedies after making the physical harassment allegation for the first time. He did not present any evidence in response to Defendant's contention that Plaintiff failed to exhaust his administrative remedies. As such, the Court finds Plaintiff failed to exhaust his administrative remedies.

Even if Plaintiff had exhausted his administrative remedies, Defendants contend they are entitled to qualified immunity. ECF No. 52 at 17-23. Defendants contend Plaintiff's allegations of verbal harassment and a hand lingering on the small of his back do not amount to sexual misconduct that is sufficiently severe to establish an Eighth Amendment violation. *Id.* at 17-18. As discussed *supra*, verbal harassment alone cannot constitute an Eighth Amendment claim. Here, Plaintiff alleges Defendant Poynor was unzipping the zipper on his dry suit when Defendant Poynor's hand touched Plaintiff's bare skin down his back and across his buttocks. ECF No. 7 at 6. Plaintiff also alleges Defendants made inappropriate sexual comments. *Id.* During his deposition, Plaintiff stated Defendant Poynor "ran his hand down the back of [Plaintiff's] backside and let his

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 15

hand . . . brush the top of [Plaintiff's] buttocks." ECF No. 54-1 at 8. Plaintiff stated Defendant's hand touched the entire line of his back as he unzipped the zipper, and his hand lingered "at least a second or two" at the top of Plaintiff's buttocks. *Id.* at 9. Plaintiff confirmed Defendant did not touch him anywhere else. *Id.* at 10.

Plaintiff's allegations are similar to the allegations in multiple cases in which courts have found there was no Eighth Amendment violation. *See, e.g., Watison,* 668 F.3d at 1114 (Allegations of defendant rubbing his thigh against plaintiff's thigh while plaintiff was on the toilet did not rise to the level of an Eighth Amendment claim); *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (Allegations of multiple incidents of defendants touching plaintiff's buttocks did not establish a violation of the Eighth Amendment); *Martinez v. Scott*, No. CV 18-8133-PA(E), 2022 WL 598315, at *10 (C.D. Cal. Jan. 24, 2022), *report and recommendation adopted*, No. CV 18-8133-PA(E), 2022 WL 597032 (C.D. Cal. Feb. 27, 2022) (Defendant's pat down of Plaintiff's buttocks, inner thigh, and groin area, without touching genitals, did not state an Eighth Amendment claim); *Foust v. Ali*, 2021 WL 4975183 (E.D. Cal. Oct. 26, 2021) (Defendant allegedly touching Plaintiff twice on buttocks insufficient to state an Eighth Amendment claim); *Gonzalez Castillo v. Renteria*, No. 17CV2104-CAB-WVG, 2019 WL 4271521, at *1 (S.D. Cal. Sept. 10, 2019), *aff'd sub nom. Gonzalez v. Renteria*,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 16

831 F. App'x 282 (9th Cir. 2020) (Allegations of defendant squeezing Plaintiff's buttocks for "seconds" did not amount to an Eighth Amendment violation). Plaintiff's allegations of inappropriate comments and Defendant Poynor's hand touching the top of his buttocks for a couple seconds does not demonstrate Defendant Poynor committed a well-established Eighth Amendment violation. Thus, Defendants are entitled to qualified immunity.

Viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, Defendants are entitled to summary judgment on the Eighth Amendment claim.

### C. Conclusion

Viewing the facts and drawing inferences in the manner most favorable to Plaintiff, no genuine dispute of material fact exists regarding any of Plaintiff's claims. Plaintiff was given notice of the summary judgment rule requirements, ECF No. 57, yet Plaintiff did not present evidence to demonstrate there is a triable issue of material fact on each element of his claims. As such, Defendants are entitled to summary judgment on all claims.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, **ECF No. 52**, is **GRANTED.**

2. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** with prejudice.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 17

3. The Court certifies that an appeal of this Order would not be taken in good faith.  *See* 18 U.S.C.  18 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order, enter judgment accordingly, provide copies to *pro se* Plaintiff and counsel, and **CLOSE** the file.

**DATED** November 14, 2023.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE